**Law Offices of Robert L. Geltzer**
1556 Third Avenue, Suite 505
New York, New York 10128
(212) 410-0100
Robert L. Geltzer
Mark E. Bruh

*Counsel to Robert L. Geltzer,*
*as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------

In Re:

**KENNETH IRA STARR,** *et al.***,**

|  |  |
|---|---|
| | **Case No. 11-10219 (MEW)** |
| | **Chapter 7** |
| Debtors. | **Jointly Administered** |
| | **Substantively Consolidated** |

----------------------------------------------------------------

**ROBERT L. GELTZER,** as Trustee for
the Estate of **KENNETH IRA STARR,** *et al.,*

                                    Plaintiff,

                    -against-                                    **Adv. Pro. No. 14-02397 (MEW)**

**JACQUELINE SOFFER,**

                                    Defendant.
----------------------------------------------------------------

**STIPULATION AND ORDER SETTLING ADVERSARY PROCEEDING**

Stipulation ("Stipulation" or "Stipulation of Settlement") dated this 16th day of

June, 2015, by and between ROBERT L. GELTZER, ESQ., as Chapter 7 trustee (the "Trustee")

of Kenneth Ira Starr, et al., the above-captioned debtors (the "Debtors"), and Jacquelyn Soffer

(the "Defendant").[1]

---

[1]        The Defendant's name as captioned above and on the Complaint is incorrectly spelled.

**RECITALS:**

1.      On January 7, 2011, an involuntary bankruptcy case under Chapter 7 of the Bankruptcy Code was commenced before the United States Bankruptcy Court for the Southern District of New York (this "Court") against Kenneth Ira Starr ("Starr") by the estate of Joan A. Stanton and JAS Ventures, L.P.

2.      On July 12, 2011, an Order for relief was entered in this case by this Court in Starr's bankruptcy case and, on or about the same date, the Trustee was appointed as interim chapter 7 trustee of Starr.

3.      On February 17, 2011, Aurora Cassirer, Esq., as Court-appointed receiver of Starr & Company, LLC and Starr Investment Advisors, LLC (the "Starr Corporate Debtors", and collectively with Starr, the "Debtors"), commenced before this Court voluntary cases under Chapter 7 of the Bankruptcy Code on behalf of each of the Starr Corporate Debtors.

4.      Pursuant to the Trustee's motion, this Court entered on December 8, 2011 an Order, among other things, substantively consolidating the estates of the Debtors into one Chapter 7 estate, and directing that the respective assets and liabilities of each debtors estate be pooled and consolidated, *nunc pro tunc* to February 17, 2011.

5.      Shortly thereafter, the Trustee was appointed as the successor trustee of each of the Starr Corporate Debtors, and continues to serve as Trustee of the Debtors' consolidated estate (the "Estate").

6.      This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

7.      The Trustee commenced the above-captioned Adversary Proceeding, Case No. 14-02397 (MEW), on or about November 5, 2014 by the filing of a summons, and served it

and the complaint, dated November 3, 2014, on the Defendant on or about November 6, 2014

(the "Complaint").

8.      Plaintiff alleges, upon information and belief, and as set forth in footnote 1

in the Complaint, and, specifically, the Debtors' accounts receivable ledger, the Debtors' open

accounts receivable reveal that the Defendant and/or Jeffrey Soffer (collectively, the "Defendant

Parties") owe $36,093.75 to the Estate and that said funds are property of the Estate as provided

for in § 541 of the Bankruptcy Code.

9.      The Defendant answered the Complaint on or about December 19, 2014,

and alleged certain defenses and affirmative defenses.

10.     Defendant's counsel and Trustee's counsel engaged in an exchange of

documents and numerous discussions resulting in an agreed settlement amount of $18,000.00

(the "Settlement Amount").

**NOW, THEREFORE**, based upon the foregoing and upon the mutual covenants

hereinafter set forth and in consideration thereof:

**IT IS HEREBY STIPULATED AND AGREED** as follows:

10.     Defendant and the Trustee acknowledge this Court's jurisdiction over the

parties and over the subject matter of the Adversary Proceeding, and that such Adversary

Proceeding constitutes a "core" proceeding under 28 U.S.C. § 157(b).

11.     In full and final global satisfaction of all claims held by the Trustee and/or

the Estate against the Defendant and all claims the Defendant may have against the Trustee

and/or the Estate, the Defendant will pay to the Trustee, on behalf of the Estate, Eighteen

Thousand Dollars ($18,000.00) upon the signing of this Stipulation of Settlement, which will be

within twenty (20) days of its receipt by the Defendant's attorney.  Payment is to be made by a

check (the "Settlement Check") payable to "Robert L. Geltzer, as Chapter 7 Trustee for Kenneth

Ira Starr, et al., and mailed to the Law Offices of Robert L. Geltzer, 1556 Third Avenue, Suite

505, New York, New York 10128.

   12. Upon the later of receipt by the Trustee in good funds of the Settlement

Amount and the entry of an Order of the Court approving of this Stipulation of Settlement, the

Defendant Parties and the Trustee and/or the Estate shall be deemed to have mutually released

each other from any and all indebtedness or liability, claims, causes of action, offsets,

recoupments, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties,

covenants, contracts, controversies, agreements, promises, variances, trespasses, damages,

judgments, expenses, executions, claims, and demands whatsoever, in law, admiralty or equity,

direct or contingent, which the Defendant Parties and the Trustee and/or the Estate or their

respective successors or assignees ever had, now have, from the beginning of the world to the

date of the approval of this Stipulation of Settlement by the Court against each other and/or their

respective affiliates, subsidiaries, heirs, executors, administrators, agents, representatives,

successors and assigns including, but not limited to, all claims relating to the Adversary

Proceeding and the claims asserted in the Complaint, except for the obligations pursuant to this

Stipulation of Settlement.

   13. This Stipulation of Settlement shall be binding upon the parties and their

respective heirs, executors, successors and assigns, as well as any subsequently appointed or

elected trustee in the case presently numbered 11-10219 (MEW).  The undersigned parties

further represent and warrant that they are properly and fully empowered to enter into and

execute this Stipulation of Settlement, that they know of no contractual commitment or legal

limitation of, impediment to, or prohibition against their entry into this Stipulation of Settlement,

and the Stipulation of Settlement is legal, valid and binding upon the Trustee and/or the Estate, and the Defendant.

14.     This Stipulation of Settlement has been entered into for settlement purposes only, is not admissible in any action or proceeding except to obtain Court approval hereof pursuant to Bankruptcy Rule 9019 and to enforce the expressed terms and conditions hereof.  None of the parties hereto shall offer this Stipulation of Settlement or any other documents or agreements executed and delivered in connection herewith or the negotiations relating hereto as evidence of, nor shall this Stipulation of Settlement be deemed to be or construed as, an admission of any liability on the part of any party hereto or any other party to a release with respect to any of the matters covered by or described in any such document or as a concession by the Trustee or the Defendant of the adequacy of the Settlement Amount.

15.     Any notices, requests, claims, demands and any other communication hereunder shall be in writing and shall be deemed to have been duly given and delivered on the date of delivery by messenger or transmitted by telex, telecopier or telegram or on the third business day after which mailed if mailed by registered or certified mail, postage pre-paid to the respective parties as follows:

(i)     if to the Trustee, to:

Robert L. Geltzer, Esq.
Law Offices of Robert L. Geltzer
1556 Third Avenue, Suite 505
New York, New York  10128
rgeltzer@epitrustee.com

       (ii)    if to the Defendant, to:

Turnberry Associates
Atten.: Kristy Johnson
Associate General Counsel
19950 West Country Club Drive, 10th Floor
Aventura, Florida  33180
Tel:  (305) 682-4108

with a copy to:

Robert L. LeHane, Esq.
Jason R. Alderson, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York  10178-0002
Tel:  (212) 808-7800
rlehane@kelleydrye.com
jalderson@kelleydrye.com

or to other such address as any party may have furnished to the other party in writing in

accordance herewith, except notices of changes in address shall only be effective upon receipt.

       16.    This Stipulation of Settlement shall be governed and construed in

accordance with the internal laws of the State of New York, without regard to the principles of

conflicts of laws.

       17.    This Stipulation of Settlement together with any other documents referred

to herein, constitutes the entire agreement and understanding among the parties hereto with

respect to the subject matter hereof.

       18.    No representations have been made to any other party to this Stipulation of

Settlement.

       19.    This Stipulation of Settlement supersedes all agreements not referred to

herein and cannot be amended, supplemented or modified nor may any provision hereof be

waived, except by a written instrument executed by the party against whom enforcement of such amendment, supplement, modification or waiver is sought.

20.     Any provision of this Stipulation of Settlement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.  If any release of any of the parties hereto is invalidated or declared unenforceable in whole or in part, the release as to the other parties thereto will be similarly invalidated.

21.     This Stipulation of Settlement shall not be effective until approved by Order of the Court, and such Order is no longer subject to appeal and from which no appeal is pending (a "Final Order").  If a Final Order has not been entered within ninety (90) days of the date hereof, this Stipulation of Settlement shall become, and thereupon will be, null, void and of no further force or effect, the Settlement Amount shall be returned to the Defendant by check within ten (10) business days thereafter, and the parties hereby reserve and shall be restored to all of their respective rights, claims or defenses.  Pending such entry of a Final Order as described in this Paragraph 21, the Defendant and the Trustee and/or Estate shall not pursue any claims, causes of action or remedies such parties may have against each other including, without limitation, the claims asserted in the Complaint.

22.     All representations contained herein or made in writing by or on behalf of any party to this Stipulation of Settlement in connection herewith shall survive the execution and delivery hereof and the releases attached hereto.

23.     This Stipulation of Settlement may be executed in two or more counterparts each of which shall be deemed to be an original but all of which together shall constitute one in the same document.

IN WITNESS WHEREOF, the parties have hereunto set their respective hands and seals this 16th day of June, 2015.

Law Offices of
ROBERT L. GELTZER
Counsel to the Trustee
ROBERT L. GELTZER, ESQ., as Trustee
Kenneth Ira Starr, et al.
1556 Third Avenue, Suite 505
New York, New York  10128
(212) 410-0100

By: /s/ Robert L. Geltzer
        ROBERT L. GELTZER
        Member of the Firm


Jacquelyn Soffer, Defendant

/s/ Jacquelyn Soffer
JACQUELYN SOFFER


**SO ORDERED:**

**s/Michael E. Wiles**
MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE


Dated:  July 20, 2015
        New York, New York